# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC TORRES** | : CIVIL ACTION |
| | : |
| v. | : NO. 22-5162 |
| | : |
| **DISTRICT ATTORNEY OF** | : |
| **PHILADELPHIA COUNTY,** *et al.* | : |

## MEMORANDUM

**MURPHY, J.**                                                                                          June 13, 2025

Petitioner Eric Torres filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, arguing that the Double Jeopardy Clause of the Fifth Amendment bars the Commonwealth from subjecting him to a retrial in his state criminal proceedings. The matter was referred to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation. On January 14, 2025, Judge Hey issued a comprehensive R&R recommending that the petition be denied. Mr. Torres then filed written objections.

We conduct a de novo review of the portions of the R&R to which Mr. Torres has specifically objected, as required under 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3); Local Rule 72.1. For the reasons explained below, we overrule Mr. Torres's objections, adopt the well-reasoned R&R, and deny the petition.

**I.      Background**

The R&R includes a detailed procedural and factual history of Mr. Torres's underlying state prosecutions, convictions, and appeals, culminating in the present habeas petition. Mr. Torres included a fact section in his written objections, but we do not find any inconsistencies between that section and the R&R that would rise to the level of an objection. *Compare* DI 20 at 1-8, *with* DI 23 at 2-3. Because we find that the record supports Judge Hey's recitation, we

adopt the Facts and Procedural History section of the R&R in full. *See* DI 20 at 1-8.

Briefly, Mr. Torres was originally convicted in 2015 of multiple charges stemming from a 2013 incident in which a police officer was shot. *See Commonwealth v. Torres*, 177 A.3d 263, 265-68 (Pa. Super. Ct. 2017). The Pennsylvania Superior Court later reversed his conviction based on improper admission of evidence recovered from his home. *See id.* at 277-78. At the start of the retrial, the prosecutor inadvertently presented one of the suppressed firearms to a testifying officer, prompting a mistrial. *See Commonwealth v. Torres*, CP-51-CR-0011169-2013, 2021 Phila. Ct. Com. Pl. LEXIS 56, at *14-19 (May 24, 2021). Petitioner then sought to bar any further retrial under the Double Jeopardy Clause. *Id.* at *19. The trial court and the Pennsylvania Superior Court have rejected that claim. *See id.* at *28-30, *42; *Commonwealth v. Torres*, 2022 WL 1224734, at *7 (Pa. Super. Ct. Apr. 25, 2022); *see also Commonwealth v. Torres*, 286 A.3d 1234 (Pa. Oct. 25, 2022) (table) (Pennsylvania Supreme Court denying petition for allowance of appeal). Following Judge Hey's R&R, we granted Mr. Torres an extension of time to file written objections. DI 22. Mr. Torres timely filed his objections within that extended deadline.[1]

**II.    Legal standard**

Under 28 U.S.C. § 636(b)(1), we must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

---

[1] "[P]ursuant to the prison mailbox rule, a prisoner's filing is deemed filed on the date it is delivered to prison officials for mailing." *Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (citing *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011)). Mr. Torres signed and dated his written objections on March 18, three days before the March 21 deadline. *See* DI 23 at 10; DI 22. We will presume that Mr. Torres gave the objections to prison officials for mailing on the same day.

For portions of the R&R to which no specific objection is lodged, we review with "reasoned consideration." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). We may accept, reject, or modify the R&R in whole or in part. Fed. R. Civ. P. 72(b)(3).

Our review is proper here under 28 U.S.C. § 2241(c)(3) because Mr. Torres is in custody, seeks pretrial habeas relief on a double jeopardy theory, and has exhausted his state remedies. Because the state courts adjudicated the claim on the merits, however, we apply the deferential standard set forth in 28 U.S.C. § 2254(d). *See Whitney v. Commonwealth*, No. 12-6241, 2014 WL 1041405, at *5 (E.D. Pa. Mar. 18, 2014) (applying AEDPA deference to exhausted pretrial double jeopardy claim brought under § 2241). Judge Hey found this standard to be appropriate and Mr. Torres has agreed that this is the applicable standard. *See* DI 20 at 10; DI 23 at 8. Thus, Mr. Torres is entitled to relief only if the state courts' adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1)-(2).

### III.  Analysis

Mr. Torres's objections to the R&R center on the same chief contention: that the prosecutor's presentation of a suppressed firearm to a testifying witness during his second trial was not an accident, but a deliberate act designed to provoke a mistrial, thereby barring any subsequent retrial under the Double Jeopardy Clause. *See* DI 23 at 3-4 ("The sole question presented in this action is straightforward: . . . Each [prior court] decision is predicated on the

3

simple denial of the offending prosecutor that he 'didn't mean to violate the suppression order.' A claim Petitioner asserts is demonstrably untrue."). Petitioner urges us to reject the findings of the state courts and Judge Hey, and to draw our own conclusion that the prosecutor's conduct was intentional and pretextual. After a full review of the record, we find that these objections are without merit.

Mr. Torres challenges the credibility of the prosecutor's explanation that the introduction of the suppressed Zoraki firearm was a mistake. He emphasizes the physical dissimilarities between the Zoraki and the admissible Glock — the first being a larger, silver model gun and the second a smaller, black handgun — and argues that no experienced prosecutor could have plausibly confused the two. *See* DI 23 at 7-9. This argument, however, was squarely presented to and rejected by the state trial court, which found as a factual matter that the prosecutor made an inadvertent mistake. *See Torres*, 2021 Phila. Ct. Com. Pl. LEXIS 56, at *21-28. That finding was based in part on the trial judge's direct observation of the prosecutor's conduct in the courtroom and again during a post-mistrial hearing. *See id.* at *17-19, *21-28. Furthermore, the trial judge reached this conclusion with full knowledge that the two guns are dissimilar in appearance. *See id.* at *16-17 (noting the differences in model and color of the two guns). The trial court found that the two firearms had been stored in the same evidence box and that the mistake could have been avoided but was not the product of intentional misconduct. *See id.* at *23-24. The Pennsylvania Superior Court affirmed that finding. *See Torres*, 2022 WL 1224734, at *7.

Petitioner has not produced, and the record does not contain, clear and convincing evidence that those factual determinations were unreasonable. *See* 28 U.S.C. § 2254(e)(1); *see*

4

*also Burt v. Titlow*, 571 U.S. 12, 18 (2013). The trial court's assessment of the prosecutor's intent — rooted in firsthand observation — is precisely the sort of credibility-based finding that federal habeas courts must defer to unless patently unreasonable. *See Burt*, 571 U.S. at 18. Petitioner's disagreement with inferences and conclusions drawn by the state court does not satisfy the statutory burden.

  Mr. Torres urges us to visually compare the Zoraki and the Glock guns, asserting that such a review would have demonstrated that confusing the two was implausible. *See* DI 23 at 8. However, we do not agree with the petitioner that the physical differences between the guns precludes a finding of a mistake; for example, the prosecutor may have simply forgotten in the moment which gun was excluded, as the trial court found. *See Torres*, 2021 Phila. Ct. Com. Pl. LEXIS 56, at *22-23, *41. Intent is best derived from the surrounding circumstances and credibility determinations, and we are in a far worse position than the trial court judge to make those assessments. We do not sit to reweigh evidence or revisit factual disputes already resolved by the state courts. *See Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000); *Burt*, 571 U.S. at 18. The state court record establishes that both firearms were retrieved from the same box during witness examination and that the error was immediately recognized and corrected by the prosecutor himself. The trial judge observed this sequence firsthand and found no basis to infer improper intent. Under 28 U.S.C. § 2254(d)(2), we cannot disturb that conclusion simply because another inference might also be drawn.

  Mr. Torres further contends that the prosecutor's level of experience makes the claim of mistake suspect. *See* DI 23 at 6-7. But experience alone does not preclude the possibility of human error. Indeed, the trial court expressly acknowledged the prosecutor's experience while

5

still concluding that the incident reflected a lapse in trial preparation — not an effort to sabotage the proceeding. *See Torres*, 2021 Phila. Ct. Com. Pl. LEXIS 56, at *41. We defer to that finding absent reason to think otherwise.

Finally, Mr. Torres suggests that the prosecutor's conduct forced him into an untenable position — either proceed with a tainted trial or move for a mistrial, thereby waiving his right to a verdict from the original jury. *See* DI 23 at 8-9. While the Court does not take lightly the burdens that mistrials place on defendants, the Double Jeopardy Clause bars retrial only where the prosecutor's conduct "was intended to provoke the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982). Mr. Torres does not offer any argument related to the specific intent to cause a mistrial and the trial court explicitly found that there was no such intent here, noting that the trial had only just started and that showing the wrong gun to the witness was only detrimental to presentation of the state's case. *See Torres*, 2021 Phila. Ct. Com. Pl. LEXIS 56, at *23, *26. That conclusion was affirmed on appeal. *See Torres*, 2022 WL 1224734, at *7 ("[T]here was no overreaching, recklessness, or attempt to disadvantage Appellant or compel him to seek a mistrial; Appellant's identification was not in doubt, only his intent; and that the Commonwealth's errors in this case were negligent rather than reckless or intentional. Our review reveals the trial court's factual findings are supported by the record, and its legal conclusion are correct; thus, we rest on its well-reasoned bases." (cleaned up, quotations omitted)). Even assuming the prosecutor acted negligently or recklessly, which the record does not compel, such conduct would still fall short of the constitutional threshold for barring retrial. *See United States v. Curtis*, 683 F.2d 769, 776-78 (3d Cir. 1982) (emphasizing that *Oregon v. Kennedy* sets a high bar requiring specific intent to cause a mistrial).

6

Fundamentally, Mr. Torres's objections flow from a disagreement with the state courts' interpretation of the prosecutor's actions and intent. The trial judge had the opportunity to observe those events firsthand and found no basis to infer that the prosecutor's actions were anything more than an unfortunate mistake. That conclusion is not contrary to, nor an unreasonable application of, clearly established federal law, nor is it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Therefore, Mr. Torres's objections do not establish entitlement to habeas relief.